### GEORGE v. KENNEDY.

No. 28081. May 24, 1938.

Arthur H. Dolman, for plaintiff in error.

Robert W. Maupin, for defendant in error.

BAYLESS, V. C. J. This is an appeal from the court of common pleas of Oklahoma county. Frank Kennedy sued Harry A. George for the sum of $200, and recovered judgment. George appeals.

The nature of the business in which these men engaged makes it somewhat difficult to determine whether the money sued for represents the value of property sold or is a broker's commission for services rendered. Each of these men was engaged in dealing in oil and gas properties. One Ritter had procured conveyances of royalty interests under certain lots to be placed in escrow to be delivered to him upon payment of a specified sum within a specified time. Kennedy learned that George was purchasing royalty interests in the same block and with Ritter's knowledge, or later acquiescence, entered into an agreement to deliver to George written authority to take these conveyances out of escrow and to own them. George was to have five days to examine title, etc. George was to pay Kennedy $200 when the deal was completed. Within a day or so George discovered that the public records relating to the well, located upon the block wherein these lots lay, were erroneously kept and that the royalty interests were not nearly so valuable as he

supposed. He thereupon notified Kennedy that he would not go through with the deal.

His defense was that Kennedy knew these facts but withheld the information, or misrepresented the facts to him, and by these fraudulent means induced him to agree to purchase these lots. We have carefully read George's testimony and have not found any evidence of such fraud on the part of Kennedy. The case was tried to the court without a jury, and his judgment for Kennedy is supported by evidence and is final.

George argues that Kennedy wholly failed to plead or prove a cause of action, on the theory that Kennedy's cause of action is to recover damages for an anticipatory breach of an agreement to purchase.

The plaintiff's theory was that his position was more nearly that of a broker. We agree. George admitted on the stand that Kennedy had done all that was required of him, and that the only reason for not going through with the deal was the later correct information relating to the well. George had abstracts of title, but made no effort to show that Kennedy was selling what he owned. It is clear from the record that George knew Kennedy was brokering for a commission, and was not the vendor.

Upon motion, judgment is rendered for Kennedy against Ray M. Smith and A. A. Thornton, sureties on the supersedeas bond, and the trial court is ordered to enter judgment against them in the same amount and to the same extent as against George.

Judgment affirmed.

PHELPS, CORN, GIBSON, and HURST, JJ., concur.